

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 26, 1947

Hon. Sam Lee
County Attorney
Brazoria County
Angleton, Texas

Opinion No. V-315

Re: Whether shares in a state bank are taxable for the year 1947, when bank commences operations on January 2, 1947.

Dear Mr. Lee:

Your letter request, relative to the above captioned matter reads, in part, as follows:

"STATEMENT OF FACTS: The LAKE JACKSON STATE BANK located in Lake Jackson, Texas in Brazoria County is a banking corporation. This bank is a state bank rather than a national bank. The charter was granted this corporation September 23, 1946. Permit #1765 from the Banking Commission gives January 2, 1947 as the opening date for this bank. The bank did, in fact, open on January 2, 1947 and started doing business as a bank of that date performing the usual functions as a bank.

"The capital stock was subscribed to by the stock holders prior to January 1, 1947 and the capital of the bank was set up as well as a surplus was set up and an undivided profit was also set up prior to January 1, 1947. Money was used out of this undivided profit for the purpose of buying furniture and fixtures for the bank. All of this was done prior to January 1, 1947 and, as previously stated, the capital, surplus and undivided profits were likewise set up before January 1, 1947.

"LAKE JACKSON STATE BANK is the agent for the payment of all taxes that might be due on shares of stock for the share holders. The LAKE JACKSON STATE BANK owns no real estate. The corporation rents the building it is in; however, it does own the furniture

and fixtures which were bought out of the undivided profits as set up on January 1, 1947.

"QUESTION: In view of the fact that the capital, surplus and undivided profits were in being prior to January 1, 1947 and some of the monies and the profits were used prior to January 1, 1947, is this capital the surplus and undivided profits taxable property for the year 1947 even though the State Banking Commission's permit gives the opening date as January 2, 1947 and the bank in fact started operating as a bank as of January 2, 1947?"

The following quoted statutes are relevant to the question under consideration, to wit:

Art. 7151, Vernon's Civil Statutes:

"All property shall be listed for taxation between January 1 and April 30 of each year, when required by the assessor, with reference to the quantity held or owned on the first day of January in the year for which the property is required to be listed or rendered . . . "

Art. 7145, V. C. S.:

"All property, real personal or mixed, except such as may be hereinafter expressly exempted, is subject to taxation, and the same shall be rendered as listed as herein prescribed."

Art. 7147, V. C. S.:

"Personal property, for the purposes of taxation, shall be construed to include all goods, chattels and effects, and all moneys, credits, bonds and other evidences of debt owned by citizens of this State, whether the same be in or out of the State; all ships, boats and vessels belonging to inhabitants of this State, if registered in this State, whether at home or abroad, and all capital invested

therein; all moneys at interest, either with-
in or without the State, due the person, to
be taxed over and above what he pays interest
for, and all other debts due such person over
and above his indebtedness; all public stock
and securities; all stock in turnpike, rail-
roads, canals and other corporations (except
national banks) out of the State, owned by in-
habitants of this State; all personal estate
of moneyed corporations, whether the owners
thereof reside in or out of this State, and
the income of any annuity, unless the capital
of such annuity be taxed within this State;
all shares in any bank organized or that may
be organized under the laws of the United
States; all improvements made by persons upon
lands held by them, the title to which is
still vested in the State of Texas, or in
any railroad company, or which have been ex-
empted from taxation for the benefit of any
railroad company, or any other corporation
whose property is not subject to the same
mode and rule of taxation as other property."

Art. 7166, V. C. S.

"Every banking corporation, State or na-
tional, doing business in this State shall, in
the city or town in which it is located, ren-
der its real estate to the tax assessor at the
time and in the manner required of individuals.
At the time of making such rendition the pres-
ident or some other officer of said bank shall
file with said assessor a sworn statement show-
ing the number and amount of the shares of said
bank, the name and residence of each shareholder,
and the number and amount of shares owned by him.
Every shareholder of said bank shall, in the city
or town where said bank is located, render at
their actual value to the tax assessor all shares
owned by him in such bank; and in case of his
failure so to do, the assessor shall assess
such unrendered shares as other unrendered
property. Each share in such bank shall be
taxed only for the difference between its ac-
tual cash value and the proportionate amount
per share at which its real estate is assessed.
The taxes due upon the shares of banking corpor-
ations shall be a lien thereon, and no banking

corporation shall pay any dividend to any shareholder who is in default in the payment of taxes due on his shares; nor shall any banking corporation permit the transfer upon its books of any share, the owner of which is in default in the payment of his taxes upon the same. Nothing herein shall be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed capital in the hands of individuals."

You will note that said Article 7166 provides that the shares in a bank shall be taxed on the basis of the value of the personal property owned by the bank and that the personal property itself is not taxed. In other words, the capital, surplus, and undivided profits are not taxed. But the shares in the bank are taxed; and the value of the capital, surplus, and undivided profits (being personal property) is used as a basis for determining the value of the shares for taxation purposes. To illustrate:

| | |
|---|---|
| Capital Stock | $200,000.00 |
| Less debentures | 75,000.00 |
| | $125,000.00 |
| Plus Surplus and Undivided profits | 20,000.00 |
| Other personal property | 5,000.00 |
| | $150,000.00 |
| Less value of real estate | 10,000.00 |
| Value of personal property | $140,000.00 |

1000 shares divided into $140,000.00 equals $140.00 value of each share for taxation purposes.

These bank shares under the express provisions of Article 7145, V. C. S., above quoted are subject to taxation. They are "property; real, personal or mixed." They were in existence on January 1st and the fact that the bank itself did not open its doors for business until January 2 is immaterial.

The Supreme Court of Texas in the case of Childress County vs. State, 127 Tex. 343, 92 S. W. (2d) 1011, in construing Art. 7151 used the following language:

"The foregoing article makes it clear
that all property owned by persons on the
first of January must be listed for taxa-
tion, . . . ."

The ownership of property on the first day
of January of any year creates a liability on the part
of the owner for taxes levied upon such property for
that year. Winters, et al, vs. Independent School Dis-
trict of Evant, 208 S. W. 574; Hillsman vs. Faison, 57
S. W. 921; Rhomberg vs. McLaren, 21 S. W. 571.

We appreciate your well prepared brief which
accompanied your request.

## SUMMARY

The capital, surplus, and undivided pro-
fits of a bank are not taxable. However, the
shares of the bank are taxed on the basis of
the personal property of the bank. The amount
of the capital, surplus, and undivided profits
of a bank, together with other personal pro-
perty less the value of the real estate and
debentures, determines the value of the shares.
Arts. 7151, 7145, 7146, and 7166, V. C. S.
Childress County vs. State, 127 Tex. 343, 92
S. W. (2d) 1011.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By     *W. V. Geppert*

W. V. Geppert
Assistant

APPROVED

*Price Daniel*

ATTORNEY GENERAL

WVG:mrj